UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID QUINTERO DIAZ, (A#240-733-439), | No. 1:26-CV-02573-TLN-SCR |
| Petitioner, | |
| v. | ORDER AND |
| WARDEN, | FINDINGS & RECOMMENDATIONS |
| Respondent. | |

Petitioner is a federal immigration detainee proceeding with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

The undisputed record in this case demonstrates that petitioner was released by ICE premised upon either an explicit or implicit finding that he was not dangerous or a flight risk. While on release, petitioner complied with the conditions of release and was re-detained during a routine ICE check in on March 11, 2026. ECF No. 1. There is no evidence before the Court that petitioner has a criminal record or a final order of removal. Considering all of these factors, and consistent with the court's reasoning and ruling in Michael O. v. Warden, California Corr. Ctr. et al., No. 1:26-1872-TLN-CKD, 2026 WL 915015, at *1-2 (E.D. Cal. Apr. 3, 2026) (granting § 2241 petition on due process grounds applying Matthews v. Eldridge, 424 U.S.319, 335 (1976)) ,

1

the Court finds that petitioner's Fifth Amendment right to procedural due process was violated by his re-detention without a pre-deprivation hearing.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 3) is denied as unnecessary in light of the Court's receipt of the $5 filing fee in this action.

2. Petitioner's motion for the appointment of counsel (ECF No. 2) is denied as unnecessary in light of the recommendation contained herein.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be granted.

2. Respondent be ordered to IMMEDIATELY RELEASE petitioner from custody and return all of his documents and property at the time of release.

3. Respondent be directed to file a notice certifying compliance with this provision of the Court's Order within three (3) days of release.

4. Respondent be enjoined and restrained from re-arresting or re-detaining petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) respondent shows material changed circumstances demonstrating a significant likelihood of petitioner's removal in the reasonably foreseeable future, or (b) respondent demonstrates by clear and convincing evidence that petitioner poses a danger to the community or a flight risk.  At any such hearing, petitioner shall be allowed to have counsel present.

5. The Clerk is directed to serve **Mesa Verde Detention Facility** with a copy of this Order.

6. This order does not address the circumstances in which respondent may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with

the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 17, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE